# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TULSA CANCER INSTITUTE, PLLC, an Oklahoma Limited Liability Company; AND OKLAHOMA ONCOLOGY & HEMATOLOGY, INC., an Oklahoma Corporation, dba CANCER CARE ASSOCIATES,<br><br>Plaintiffs,<br><br>v.<br><br>GENENTECH INC., a California Corporation,<br><br>Defendant. | Case No. 4:15-cv-00157-TCK-TLW<br><br>Jury Trial Demanded |

**GENENTECH INC.'S SUR-REPLY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Recognizing that the Court lacks general or specific jurisdiction over the proposed out-of-state Plaintiffs' claims based on Genentech's contacts with Oklahoma, Plaintiffs seek leave to "piggyback" onto their claims the claims of these out-of-state Plaintiffs by invoking the rarely-used doctrine of pendent personal jurisdiction. The Court should reject this attempt for two reasons. First, the Tenth Circuit has applied the doctrine of pendent personal jurisdiction sparingly and only to allow *existing* plaintiffs to bring additional related claims against the defendant—not to add other *plaintiffs* with similar claims. Expanding pendent jurisdiction to allow additional plaintiffs to join this action is not only unsupported by the law of this Circuit, it would violate due process limits as clarified by the Supreme Court in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Second, Plaintiffs have not pleaded factual allegations showing that the claims of the out-of-state Plaintiffs arise from the same nucleus of operative fact as the Oklahoma Plaintiffs' claims.

I.  **EXERCISING PENDENT JURISDICTION TO ALLOW ADDITIONAL PLAINTIFFS TO BRING CLAIMS AGAINST GENENTECH WOULD VIOLATE DUE PROCESS AND IS OTHERWISE IMPROPER**

   A.  **The Court should reject Plaintiffs' attempt to expand pendent jurisdiction.**

Plaintiffs cite no authority from the Tenth Circuit or anywhere else for applying the doctrine of pendent personal jurisdiction to allow additional *plaintiffs* to join an action. Plaintiffs rely principally on *United States v. Botefuhr*, 309 F.3d 1263 (10th Cir. 2002), along with three district court cases from this Circuit that acknowledged—but declined to apply—the doctrine. In *Botefuhr*, the IRS brought two federal claims against the defendants to recover unpaid gift taxes – one claim against the representatives of the estate, the other against the same defendants, except in their capacity as gift recipients. Specific jurisdiction existed over the first cause of action against the estate, but not the second cause of action, so the district court exercised pendent personal jurisdiction, finding that both causes of action arose from the same core facts. *Id.* at 1270-72. After the IRS dropped the "anchor" claim against the estate, the district court then dismissed that claim but declined to dismiss the claim against the defendants as gift recipients for lack of personal jurisdiction. *Id.* at 1271. The defendants were found liable for the unpaid taxes as gift recipients. *Id.* at 1270. On appeal, the Tenth Circuit reversed, holding that once the claim against the estate was dismissed, there was no basis for maintaining personal jurisdiction over the defendants as to the remaining claim. *Id.* at 1274.

The district court's initial exercise of pendent jurisdiction to adjudicate both of the IRS's tax claims against the defendants in a single action was a traditional application of the doctrine, which is simply intended to allow a party asserting a federal claim for which there is personal jurisdiction to litigate all of its related claims against a defendant in one suit. But Plaintiffs here are proposing something else entirely. Unlike *Botefuhr*, Plaintiffs want this Court to exercise personal jurisdiction not over a claim brought by these same plaintiffs that arose from the same transaction, but over claims by ***entirely different plaintiffs***, involving ***entirely different transactions***, none of which has any connection to Oklahoma. Neither *Botefuhr*, nor any other Tenth Circuit authority supports the use of the pendent jurisdiction doctrine for this purpose.

2

Expanding pendent jurisdiction in this manner would be unconstitutional. Under Plaintiffs' rationale, if there is a "loose factual connection" (Dkt. 34 at 9) among claims asserted by various persons against a company that involve the same product or service, a court need only have personal jurisdiction over the claims of one plaintiff, without regard to where the other plaintiffs reside, where their claims arose, or the different facts that gave rise to their respective claims. The Court should reject this sprawling view of pendent jurisdiction. All assertions of personal jurisdiction must satisfy due process and comport with traditional notions of fair play and substantial justice. The Tenth Circuit has held that the reasonableness or fairness prong of the due process inquiry operates on a sliding scale, thus "the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1079 (10th Cir. 2004). Nothing about what Plaintiffs propose is reasonable.

The only contacts Plaintiffs identify Genentech as having with Oklahoma appear in their reply in support of the motion to amend (Dkt. 34 at 6)—not the First Amended Complaint—and those contacts have nothing to do with the out-of-state Plaintiffs. Under the banner of "judicial efficiency," avoiding "piecemeal litigation," and plaintiffs' "convenience," (Dkt. 34 at 7), Plaintiffs proclaim that because Genentech allegedly marketed Herceptin in Oklahoma it should "reasonably anticipate 'being haled into court'" here (*id*.), not only by the Oklahoma Plaintiffs, but apparently by ***anyone else*** who purchased and used Herceptin—***anywhere***, ***any time***. This extreme proposition is squarely at odds with the Supreme Court's decision in *Daimler* and the Court should reject it.

As was the Supreme Court's concern in *Daimler*, what Plaintiffs propose here would "scarcely permit out-of-state defendants to 'structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" 134 S. Ct. at 761-62 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). If the Court were to allow these "litigation tourists" to bring their claims to Oklahoma, a defendant could never structure its business activity to avoid large-scale litigation in particular forums. Plaintiffs would

have this Court trample a defendant's due process rights all in the name of perceived efficiency. In essence, entering into a contract in one state would subject a defendant to personal jurisdiction in that state as to the claims of anyone else who entered into a similar contract with the defendant, regardless of whether the defendant had contacts with the plaintiff in that state, or the circumstances surrounding formation and performance of the contract. The same would be true with regard to the sale of a product in a particular state. All persons who purchased the same product—anywhere—and wanted to bring similar claims could simply join together in one action and sue the defendant in any forum where one of them resides. This would essentially create a form of "nationwide specific jurisdiction," for lack of a better term, whereby anyone, anywhere could sue a defendant in a particular state based on the defendant's limited contacts with a single person in that state. That has never been, and should never be, the purpose of pendent jurisdiction, which courts have applied very rarely to achieve judicial expediency in a particular case. *See* Wright & Miller, 4A *Federal Practice & Procedure* § 1069.7 (3d ed.).

Why would Genentech "reasonably anticipate"[1] being sued in Oklahoma with respect to claims arising out of business relationships with entities in Florida, Maryland, New York, Tennessee, and Virginia that have no connection to Oklahoma?[2] The facts here bear no resemblance to *Botefuhr* or any other authority Plaintiffs cite in support of their distorted view of pendent jurisdiction.

Further, while some courts are willing to apply pendent personal jurisdiction on a rare occasion, whether it should be applied in a diversity case is unsettled. "Pendent personal jurisdiction is typically found where one or more ***federal*** claims for which there is nationwide

---

[1] "The contacts with the forum must make being sued there foreseeable so that the defendant could 'reasonably anticipate' the suit." *Fireman's Fund Ins. Co. v. Thyssen Mining Constr. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012) (quoting *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980)).

[2] Under the traditional "minimum contacts" analysis, ensuing litigation must "result[] from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472 (internal citations omitted). That is not the case here, as Genentech's activities in Oklahoma, if any, had nothing to do with the proposed out-of-state Plaintiffs.

4

personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004) (emphasis added). This is a "complex and unsettled doctrine" (*Riley v. Harr*, 292 F.3d 282, 288 n.8 (1st Cir. 2002)) when the plaintiff is bringing federal question claims. But district courts "face an even more difficult problem in the diversity of citizenship context." Wright & Miller, 4A *Federal Practice & Procedure* § 1069.7 (3d ed.). Allowing a plaintiff who is bringing state-law claims for which the defendant is subject to personal jurisdiction to "piggyback" other state-law claims for which the defendant is not subject to personal jurisdiction effectively extends the state's long-arm statute. As Wright & Miller note, "[t]he state legislature's desire to avoid discouraging foreign corporations from engaging in activities within the state, for example, would be thwarted if a federal court overrode the forum state's long-arm statute in a diversity case." *Id.*; *see also Bilek v. Burris*, 2010 WL 4629616, at *7 (E.D. Ky. Nov. 8, 2010) ("The Court does not find adequate, controlling precedent to adopt the doctrine of pendent personal jurisdiction in a diversity of citizenship case.") (citing Linda Simard, *Exploring the Limits of Specific Personal Jurisdiction,* 62 Ohio St. L.J. 1619, 1626 (2001) ("Federal courts are far more willing to adjudicate pendent counts where personal jurisdiction over the anchor count is based upon a federal nationwide service of process provision than where personal jurisdiction over the anchor count is based upon a state long-arm statute."). Here, Oklahoma's long-arm statute, which permits the exercise of jurisdiction "on any basis consistent with the Constitution of this state and the Constitution of the United States" (Okla. Stat. tit. 12 § 2004(F)), would not allow the exercise of personal jurisdiction over Genentech with respect to the claims of non-Oklahoma plaintiffs that have no connection to Oklahoma.[3]

---

[3] The Oklahoma Supreme Court interprets the state's long-arm statute "as extending the jurisdiction of the Oklahoma courts to the outer limits of due process," further noting that the "outer limits of due process for this purpose have been established by the United States Supreme Court." *State ex rel. Edmondson v. Native Wholesale Supply*, 237 P.3d 199, 205 (Okla. 2010). Given that the United States Supreme Court has never adopted the doctrine of pendent personal

> **B.    Plaintiffs have failed to plead any non-conclusory allegations establishing that the proposed out-of-state Plaintiffs' claims arose from the same nucleus of operative fact as the Oklahoma Plaintiffs' claims.**

Even if the Court were to consider allowing Plaintiffs to add these proposed plaintiffs under the guise of pendent jurisdiction, Plaintiffs have not pleaded sufficient facts to show that all of the claims arise from the same nucleus of operative fact. Plaintiffs plead only that all of the Plaintiffs purchased Herceptin. For the reasons discussed above, that cannot be enough. Plaintiffs have not pled that the out-of-state Plaintiffs purchased Herceptin in the same transactions as the Oklahoma Plaintiffs or any other facts connecting their claims to those of the Oklahoma Plaintiffs. Indeed, the out-of-state Plaintiffs quite possibly purchased Herceptin through entirely separate and distinct transactions, at different times, in different states. These proposed plaintiffs also administered the Herceptin to patients in other states, at different dosages, and under different circumstances. As such, Plaintiffs have not shown that the claims of the out-of-state Plaintiffs arose from the same nucleus of operative fact as the Oklahoma Plaintiffs' claims.[4] *See Rosca v. St. Louis Motorsports, LLC*, 2005 WL 1843518 (D. Kan. July 29, 2005) (refusing to exercise pendent personal jurisdiction over Missouri car dealer as to certain claims by Kansas plaintiff who entered into multiple contracts with the dealer to purchase cars and to sell another car on consignment; Kansas law permitted the exercise of personal jurisdiction over the consignment contract performed in Kansas, but claims based on the contracts to purchase cars did not arise in Kansas); *id.* at *7 ("A district court may not reach beyond the forum state's long-arm statute merely because doing so would promote efficiency."). Accordingly, the Court should decline to exercise pendent personal jurisdiction for this additional reason.[5]

---

jurisdiction, much less in the expansive manner Plaintiffs propose here (nor have Oklahoma courts for that matter), Oklahoma's long-arm statute does not support the exercise of pendent personal jurisdiction in this case.

[4] Further, the claims of the proposed out-of-state Plaintiffs would implicate the laws of five other states.

[5] Plaintiffs seek to relax the standards for personal jurisdiction by analogizing pendent personal jurisdiction to supplemental jurisdiction under 28 U.S.C. § 1367. The two doctrines, however, are "wholly unrelated." *United States v. Country Classic Dairies, Inc.*, 2006 WL 2331061, at *3 (D. Utah Aug. 8, 2006) (citing Wright & Miller). Plaintiffs' "argument fails to recognize the

**II.     CONCLUSION**

For these reasons and those in its initial opposition, Genentech respectfully requests that the Court deny Plaintiffs' Motion for Leave in its entirety or, alternatively, deny leave to the extent Plaintiffs seek to add the proposed out-of-state Plaintiffs to this action.

---

important distinction between subject-matter jurisdiction and personal jurisdiction.  As the Supreme Court has explained, subject-matter jurisdiction 'is an Art. III as well as statutory requirement; it functions as a restriction on federal power.' *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982). But '[n]one of this is true with respect to personal jurisdiction. The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest.  *Id.*'"  *Durlacher v. Hoffschneider*, 2013 WL 2298174, at *4 (D. Wyo. May 24, 2013).

DATED: August \_\_\_\_, 2015

Respectfully submitted,

/s/ _____
LYNDON W. WHITMIRE, OBA # 17164
CANDACE WILLIAMS LISLE, OBA # 9638
**PHILLIPS MURRAH P.C.**
Corporate Tower, Thirteenth Floor
101 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
Email: lwwhitmire@phillipsmurrah.com
cwlisle@phillipsmurrah.com

-and-

ALICIA J. DONAHUE, Bar No. 117412
*(Admitted pro hac vice)*
SHOOK, HARDY & BACON LLP
One Montgomery, Suite 2700
San Francisco, CA 94104
Telephone: (415) 544-1900
Facsimile: (415) 391-0281
Email: adonahue@shb.com

JAMES P. MUEHLBERGER, Bar No. 51346
*(Admitted pro hac vice)*
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email: jmuehlberger@shb.com

***Attorneys for Defendant Genentech Inc.***

## CERTIFICATE OF SERVICE

   I hereby certify that on the _____ day of August, 2015, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to the following ECF registrants:

 Steven J. Adams
 David E. Keglovits
 James Wesley Scott Pebsworth
 Gable & Gotwals, P.C.
 100 ONEOK PLAZA
 100 West 5th Street, Suite 1100
 Tulsa, Oklahoma  74103
 Telephone (918)595-4800
 Facsimile (918)595-4990
 Email: sadams@gablelaw.com
     dkeglovits@gablelaw.com
     wpebsworth@gablelaw.com
***Attorneys for Plaintiffs***

                */s/* _____

00954413.DOCX