# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TULSA CANCER INSTITUTE, PLLC, an Oklahoma Limited Liability Company; and OKLAHOMA ONCOLOGY & HEMATOLOGY, INC., an Oklahoma Corporation, dba CANCER CARE ASSOCIATES, <br><br> Plaintiffs, <br> v. <br><br> GENENTECH INC., a California Corporation, <br><br> Defendant. | Case No. 15-CV-157-TCK-TLW |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 28).

**I.     Background**

Plaintiffs filed their Complaint on April 2, 2015, alleging claims for breach of warranty and unjust enrichment (Doc. 2). Specifically, Plaintiffs Tulsa Cancer Institute, PPLC ("TCI") and Oklahoma Oncology and Hematology, Inc, doing business as Cancer Care Associates ("CCA"), allege that they purchased Herceptin, a cancer treatment drug "market[ed] and distribute[d]" by Defendant Genentech, Inc. ("Defendant") "through a closed distributor network." (Compl. 2.) Plaintiffs contend Defendant labeled the vials of Herceptin as containing 440 milligrams of Herceptin, when the vials actually yielded only 424 milligrams of the drug.

On May 26, 2015, Defendant filed a Motion to Dismiss, seeking to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19). Plaintiffs filed their opposed Motion for Leave to File Amended Complaint on July 7, 2015 (Doc. 28). With their First Amended Complaint, Plaintiffs seek to allege claims for breach of express and implied warranties

and unjust enrichment and add seven new plaintiffs asserting identical claims ("Proposed Plaintiffs"). Only one of the Proposed Plaintiffs has its principal place of business in Oklahoma; the remaining six Proposed Plaintiffs are scattered throughout the country in Florida, New York, Virginia, Tennessee, and Maryland. Defendant opposes Plaintiffs' motion on the grounds of futility.

## II. Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) ("Rule 15") provides that a court "should freely give leave [to amend] when justice so requires." Courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (internal quotation marks omitted). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *E. Spire Comm'ns, Inc. v. N.M. Pub. Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . .").

Defendant argues Plaintiff's proposed First Amended Complaint would be futile for two reasons: (1) joinder of the additional parties is improper under Federal Rule of Civil Procedure 20(a) because the claims do not arise out of the same transaction or occurrence; and (2) the Court lacks personal jurisdiction over Genetech with regard to the claims of the out-of-state Proposed Plaintiffs.

### A. Joinder under Rule 20(a)

Rule 20 allows permissive joinder of plaintiffs where:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

2

occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)-(B). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, *Federal Practice and Procedure* § 1652 (3d ed. 2001). "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Defendant challenges the first element, arguing the claims do not arise out of the same transaction or occurrence.[1] "Instead of developing one generalized test of ascertaining whether a factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts seem to have adopted a case-by-case approach." 7 Wright & Miller, *supra*, § 1653. Generally, courts have found "transaction" to be "a word of flexible meaning. It may comprehend as a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1162 (10th Cir. 1990) (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).

> All "logically related" events entitling a person to institute legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

*Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (internal citations omitted).

---

[1] Defendant has not challenged the second requirement of Rule 20, which requires the claims to share common questions of law or fact.

Courts have often permitted broad joinder of claims asserted against pharmaceutical manufacturers. In *In re Prempro Products Liability Litigation*, the Eight Circuit permitted joinder of plaintiffs' claims against different manufacturers of hormone replacement therapy drugs where plaintiffs lived in different states, were prescribed different drugs by different doctors for different lengths of time, and had different injuries. 591 F.3d 613, 622-23 (8th Cir. 2010). Despite these differences, the *Prempro* court found that plaintiffs' claims were "logically related because they each developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling" of the drugs. *Id.* at 623. *See also Swann v. Johnson & Johnson*, No. 4:14-CV-1546, 2014 WL 6850776, at *2-3 (E.D. Mo. Dec. 3, 2014) (finding breach of warranty and negligence claims of plaintiffs from 26 different states to be logically related where plaintiffs alleged defendant knew of the causal connection between its product and ovarian cancer); *Jacobs v. Watson Pharm., Inc.*, No. 10-CV-120-TCK-TLW, 2011 WL 2216257, at *2-4 (N.D. Okla. June 7, 2011) (allowing joinder of warranty and negligence claims by plaintiffs claiming injury from prescription patches where the patches were different doses, were from different lots, and were prescribed by different doctors at different times).

The Court concludes that Plaintiffs' and Proposed Plaintiffs' claims satisfy the logical relationship test. While there may be some differences in each of the Plaintiffs' and Proposed Plaintiffs' claims, the similarity of the underlying facts establishes a logical connection warranting joinder under Rule 20. Plaintiffs and Proposed Plaintiffs allege the vials of Herceptin marketed and distributed by Defendant contained less than the 440 milligrams represented on the product's label. Plaintiffs' and Proposed Plaintiffs' claims "arise on a somewhat individualized basis out of the same set of circumstances" and are reasonably related in time and type. *See Jacobs*, 2011 WL 2216257,

4

at *4 (internal quotation marks omitted). The Court finds the geographic disparity in Proposed Plaintiffs' locations to be irrelevant given the nature of the claims asserted. Whether the drug is purchased in Oklahoma or in New York is irrelevant to the amount of Herceptin actually contained within each vial.

B.    **Personal jurisdiction over Defendant**

Defendant does not dispute that the Court has personal jurisdiction over Defendant with regard to Plaintiffs' claims and the claims of Proposed Plaintiff State of Oklahoma ex rel. Board of Regents of the State of Oklahoma acting on behalf of the University of Oklahoma Stephenson Cancer Center. Defendant contends this Court lacks personal jurisdiction over Defendant with regard to the claims by the out-of-state Proposed Plaintiffs. Plaintiffs concede that the Court does not have general jurisdiction over Defendants, leaving only the question of whether the Court has pendent jurisdiction over Defendant with regard to Proposed Plaintiffs' claims.

Pendent jurisdiction "exists when a court possesses personal jurisdiction over a defendant for one claim, lacks an independent basis over the defendant for another claim that arises out of the same nucleus of operative fact, and then, because it possesses personal jurisdiction over the first claim, asserts personal jurisdiction over the second claim." *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) (citing 4A Charles Alan Wright & Arthur A. Miller, *Federal Practice & Procedure* § 1069.7 (3d ed. 2002)). "In essence, once a district court has personal jurisdiction over a defendant for one claim, it may 'piggyback' onto that claim other claims over which it lacks independent personal jurisdiction, provided that all the claims arise from the same facts as the claim over which it has proper personal jurisdiction." *Id.*

For the reasons discussed above in Part II.A, the Court finds that Proposed Plaintiffs' claims arise from the same nucleus of operative fact as Plaintiffs' claims. Because Defendant is already defending nearly identical – if not identical – claims by Plaintiffs before this Court, Defendant will not be prejudiced or inconvenienced by being forced to defend against Proposed Plaintiffs' claims in this forum as well. Judicial efficiency and the desire to avoid piecemeal litigation support the exercise of pendent jurisdiction here.

The proposed First Amended Complaint would not be subject to dismissal on the basis of Rule 20 joinder or personal jurisdiction over Defendant; therefore, Plaintiffs' Motion for Leave to Amend is not futile.

## III. Conclusion

Accordingly, Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 28) is GRANTED. Plaintiffs shall file the First Amended Complaint within five days of the date of this Opinion and Order. Defendant's Motion for Leave to File Sur-Reply in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 35), filed August 27, 2015, is DENIED.

SO ORDERED this 6th day of October, 2015.

*Terence C Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**