IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TULSA CANCER INSTITUTE, PLLC, et al.,**<br><br>           Plaintiffs,<br><br>     v.<br><br>**GENENTECH INC., a California Corporation,**<br><br>           Defendant. | Case No. 4:15-cv-00157-TCK-TLW |

### DEFENDANT GENENTECH, INC.'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND MOTION FOR RECONSIDERATION

Defendant Genentech, Inc., ("Genentech"), pursuant to FED. R. CIV. P. 26(c) and the authorities identified below, hereby moves for a protective order staying discovery pending resolution of Genentech's Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss") [Doc. No. 43] and Motion for Reconsideration of Order Granting Proposed Out-of-State Plaintiffs Permission to Join the Amended Complaint ("Motion for Reconsideration") [Doc. No. 39]. In support of this Motion, Genentech states as follows:

### BACKGROUND

This case involves claims for breach of express warranty, breach of implied warranty, and unjust enrichment asserted by Plaintiffs, comprised of nine (9) medical providers located in six (6) different states, against Genentech, a drug manufacturer and distributor. *See* First Amended Complaint [Doc. No. 37]. On April 2, 2015, Plaintiffs Tulsa Cancer Institute, PLLC and Oklahoma Oncology and Hematology, Inc. filed the initial Complaint in this matter. [Doc. No. 2]. On October 9, 2015, in the face of a pending dismissal motion, Plaintiffs filed a First

1

Amended Complaint, adding seven (7) new Plaintiffs. [Doc. No. 37]. On October 26, 2015, Genentech filed a Motion to Dismiss Plaintiffs' First Amended Complaint. [Doc. No. 43].

In its Motion to Dismiss, Genentech establishes that Plaintiffs' breach of warranty claims and unjust enrichment claim fail as a matter of law. The Motion to Dismiss seeks dismissal of *all claims* asserted by *all Plaintiffs*. *Id*.

Genentech has also filed a Motion for Reconsideration, requesting the Court to reconsider its decision allowing the out-of-state Plaintiffs to join in this litigation. [Doc. Nos. 39, 60]. Should the Court grant Genentech's Motion for Reconsideration, the claims of the out-of-state Plaintiffs could be dismissed on this additional ground (cross-referenced in the Motion to Dismiss).

Given the nature of the relief sought in its Motion to Dismiss and Motion for Reconsideration, and the significant discovery burden and expenses arising from the number of Plaintiffs seeking wide-spread discovery and Genentech's obligation to conduct discovery in six states, Genentech respectfully submits that a stay of discovery is warranted until the subject motions have been determined.[1]

## ARGUMENT AND AUTHORITY

### The Court Should Stay Discovery Pending Resolution of Genentech's Motion to Dismiss and Motion for Reconsideration

Genentech respectfully requests the Court to stay all discovery in this matter pending resolution of Genentech's Motion to Dismiss and Motion for Reconsideration. Without such relief, Genentech will face undue burden and expense associated with addressing discovery on claims that may be dismissed in their entirety or, alternatively, from Plaintiffs who may not be

---

[1] Counsel for Genentech conferred with Plaintiffs' counsel in an attempt to resolve this issue without Court action. Plaintiffs oppose the relief requested herein.

parties to this litigation upon the determination of the personal jurisdiction issue. Pursuant to Federal Rule of Civil Procedure 26(c)(1),

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or **undue burden** or **expense**, including one or more of the following:
>
> (A)  forbidding the disclosure or discovery;
> (B)  specifying terms, including time and place, for the disclosure or discovery;
> . . .
> (D)  forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> . . .

FED. R. CIV. P. 26(c)(1) (emphasis added).

A district court's power to stay discovery proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). *See also United States v. Evans & Assocs. Constr. Co.*, 839 F.2d 656, 660 (10th Cir. 1988) (establishing the timing of discovery resides within the discretion of the court). The "good cause" standard under Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (internal citations omitted). This Court also has discretion to stay discovery pending the outcome of a dispositive motion. *See Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004); *Rodriguez v. IBP*, 243 F.3d 1221, 1230 (10th Cir. 2001) ("[c]ontrol of discovery . . . lies in the sound discretion of the district court."); *Flohrs v. Eli Lilly Co.*, 2012 U.S. LEXIS 168299, at *4-9 (D. Kan. Oct. 30, 2012); *Ciempa v. Jones*, 2012 U.S. Dist. LEXIS 61116, at *5-8 (N.D. Okla. May 2, 2012).

Indeed, a discovery stay is appropriate "where the case is likely to be finally concluded as a result of the ruling thereon, where the facts sought through uncomplete discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Samson Res. Co. v. J. Aron & Co.*, 2009 U.S. Dist. LEXIS 47867, *3 (N.D. Okla. June 8, 2009) (citation and quotation omitted). *See also id.* at *4-5 (granting defendant's motion to stay discovery due to a pending dismissal motion and noting Plaintiffs had not identified specific prejudice they would suffer in the event a stay were granted); *Ciempa*, 2012 U.S. Dist. LEXIS 61116 at *7-8 (granting defendants' motion to stay discovery due to a pending dispositive motion and noting "[a]t this point, discovery on all issues of the complaint would be wasteful and burdensome."). Even if a pending dispositive motion is not likely to dispose of the entire case, a stay remains appropriate if the motion is likely to "narrow the issues remaining for discovery." *Hall v. Witteman*, 2008 U.S. Dist. LEXIS 31006, at *5 (D. Kan. April 14, 2008).

> This Court previously described the factors to be considered in staying discovery:
>
> Factors that courts may consider in deciding whether to grant a stay of discovery include: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interest of persons not parties to the civil litigation; and (5) the public interest.

*Samson Res. Co.*, 2009 U.S. Dist. LEXIS 47867 at *3 (citation and quotation omitted).

This litigation includes nine (9) Plaintiffs in six (6) different states and involves complex issues. Should the Court permit discovery to go forward before Genentech's Motion to Dismiss and Motion for Reconsideration are determined, Genentech will be forced to participate in costly and burdensome discovery pertaining to claims and parties that could be dismissed. Indeed, this Court recognizes a stay of discovery is particularly appropriate where, as here, the case is likely

4

to be finally concluded as a result of the Court's ruling on the dismissal motion or where such premature discovery would be wasteful and burdensome. *See Samson Res. Co.*, 2009 U.S. Dist. LEXIS 47867 at *3.

All relevant factors favor staying discovery here. Plaintiffs will suffer no prejudice as a result of any delay occasioned by a temporary discovery stay. Plaintiffs have not and *cannot* articulate how a short stay of discovery pending resolution of Genentech's Motion to Dismiss and Motion for Reconsideration will compromise their "claims" or ability to conduct any meaningful discovery at a later date. The Joint Status Report is not due until November 30; accordingly, no scheduling order or discovery deadline has been entered. *See* Order for Joint Status Report. [Doc. No. 45]. Indeed, a stay of discovery *protects* Genentech from the undue burden and expense of responding to wide-spread discovery on claims that the Court may dismiss and the Court will avoid adjudicating a litany of discovery disputes and related motions on issues that could be avoided in their entirety. Plaintiffs have not identified any non-parties who would be harmed by a discovery stay and a stay of discovery does not affect any public interest. An Order staying discovery is just and proper.

## **CONCLUSION**

Based on the foregoing, Defendant Genentech, Inc. respectfully requests the Court enter an Order granting this Motion to stay discovery pending the resolution of Genentech's Motion to Dismiss and Motion for Reconsideration.

Respectfully submitted,

*/s/* William W. O'Connor
WILLIAM W. O'CONNOR, OBA NO. 13200
**NEWTON, O'CONNOR, TURNER & KETCHUM**
15 West 6th Street, Suite 2700
Tulsa, Oklahoma  74119
Telephone: (918) 587-0101
Facsimile:  (918) 587-0102
Email:    boconnor@newtonconnor.com

-and-

ALICIA J. DONAHUE, Bar No. 117412
*(admitted pro hac vice)*
**SHOOK, HARDY & BACON LLP**
One Montgomery, Suite 2700
San Francisco, CA  94104
Telephone: (415) 544-1900
Facsimile:  (415) 391-0281
Email:    adonahue@shb.com

JAMES P. MUEHLBERGER, Bar No. 51346
*(admitted pro hac vice)*
**SHOOK, HARDY & BACON LLP**
2555 Grand Blvd.
Kansas City, MO  64108
Telephone: (816) 474-6550
Facsimile:  (816) 421-5547
Email:    jmuehlberger@shb.com

***Attorneys for Defendant Genentech, Inc.***

**CERTIFICATE OF SERVICE**

I herby certify that on the 30th day of November, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Steven J. Adams
David E. Keglovits
James Wesley Scott Pebsworth
Adam C. Doverspike

**ATTORNEYS FOR PLAINTIFFS**

                                                   s/William W. O'Connor
                                                   William W. O'Connor