**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TULSA CANCER INSTITUTE, PLLC, ) <br> an Oklahoma Limited Liability ) <br> Company; and OKLAHOMA ) <br> ONCOLOGY & HEMATOLOGY, INC., ) <br> an Oklahoma Corporation, dba ) <br> CANCER CARE ASSOCIATES, ) <br> ) <br>         Plaintiffs, ) <br> v.                                   ) <br> ) <br> GENENTECH INC., a California ) <br> Corporation, ) <br> ) <br>         Defendant. ) | Case No.  15-CV-157-TCK-TLW |

**OPINION AND ORDER**

Before the Court is Defendant Genentech Inc.'s Motion for Reconsideration (Doc. 39), wherein Defendant moves for reconsideration of the Court's Opinion and Order dated October 6, 2015 (Doc. 36) ("October 6, 2015 Order"), which granted Plaintiffs' Motion for Leave to File Amended Complaint.

**I.     Background**

Plaintiffs filed their Complaint on April 2, 2015, alleging claims for breach of warranty and unjust enrichment.  Specifically, Plaintiffs' Complaint alleges that Plaintiffs Tulsa Cancer Institute, PLLC ("TCI") and Oklahoma Oncology and Hematology, Inc., doing business as Cancer Care Associates ("CCA"), purchased Herceptin, a cancer treatment drug "market[ed] and distribute[d]" by Defendant Genentech, Inc. ("Defendant") "through a closed distributor network."  (Compl. 2.) Plaintiffs contend Defendant labeled the vials of Herceptin as containing 440 milligrams of Herceptin, when the vials actually yielded only 424 milligrams of the drug.

On May 26, 2015, Defendant filed a Motion to Dismiss, seeking to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19). Plaintiffs filed an opposed Motion for Leave to File Amended Complaint on July 7, 2015 (Doc. 28), seeking to allege claims for breach of express and implied warranties and unjust enrichment and add seven new plaintiffs asserting identical claims ("Proposed Plaintiffs"). Only one of the Proposed Plaintiffs has its principal place of business in Oklahoma; the remaining six Proposed Plaintiffs are scattered throughout the country in Florida, New York, Virginia, Tennessee, and Maryland. Defendant opposed Plaintiffs' proposed First Amended Complaint, arguing it would be futile for two reasons: (1) joinder of the additional parties was improper under Federal Rule of Civil Procedure 20(a) because the claims do not arise out of the same transaction or occurrence; and (2) the Court lacks personal jurisdiction over Defendant with regard to the claims of the out-of-state Proposed Plaintiffs.

On October 6, 2015, the Court entered an Opinion and Order granting Plaintiffs' Motion for Leave to File Amended Complaint. In ruling on Plaintiffs' motion, the Court found that Proposed Plaintiffs' claims satisfied the logical relationship test for joinder under Rule 20(a) and that pendent personal jurisdiction permitted the Court to exercise jurisdiction over Proposed Plaintiffs' claims.[1] Plaintiffs filed their First Amended Complaint on October 9, 2015, adding Proposed Plaintiffs' claims.[2]

---

[1] Despite Defendant's repeated assertions otherwise, the Court did not use the Rule 20(a) analysis as a substitute for a jurisdictional analysis. The Court simply addressed Defendant's arguments in the same order in which they were offered.

[2] With the filing of Plaintiffs' First Amended Complaint, Proposed Plaintiffs' claims became, essentially, "Plaintiffs' claims." For purposes of this Opinion and Order, the Court will refer to "resident Plaintiffs" and "non-resident Plaintiffs" to distinguish between the different types of Plaintiffs.

2

**II.      Motion for Reconsideration**

Defendant now moves the Court to reconsider the October 6, 2015 Order. Generally, the Federal Rules of Civil Procedure do not recognize motions for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Court treats Defendant's Motion for Reconsideration as arising under Federal Rule of Civil Procedure 54(b) because the underlying opinion and order being challenged is not a final order or judgment. *See Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). Defendant argues the October 6, 2015 Order was in error and will result in manifest injustice if not corrected.[3]

---

[3] In its reply, Defendant complains of the Court's denial of its motion for leave to file a sur-reply to Plaintiffs' Motion for Leave to File Amended Complaint, arguing that, as a result, its Motion for Reconsideration is Defendant's first opportunity to address pendent personal jurisdiction. Defendant fails to acknowledge that it sought leave over one month after the reply was filed. The Court denied the motion because it was not filed in a timely manner in relation to the reply brief.

Defendant does not appear to dispute that the Court has personal jurisdiction over Defendant with regard to the claims of the resident Plaintiffs.[4]  Instead, Defendant's Motion for Reconsideration focuses on the Court's lack of personal jurisdiction over Defendant with regard to the non-resident Plaintiffs – that is those Plaintiffs who lack any apparent ties to Oklahoma.

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1286–87 (10th Cir. 2007)) (internal quotation marks omitted).  Oklahoma law permits courts to "exercise jurisdiction on any basis consistent with . . . the Constitution of the United States."  Okla. Stat. tit. 12, § 2004(F).  Because the Oklahoma long-arm statute authorizes jurisdiction to the full extent permitted by due process, the existence of personal jurisdiction in this case turns only on the limits of the due process clause. *TH Agric. & Nutrition*, 488 F.3d at 1286.

Depending upon the defendant's level of contact with the forum state, personal jurisdiction can take two forms: (1) specific personal jurisdiction, which is based on specific activities or contacts the defendant had with the forum state, or (2) general personal jurisdiction, which is based upon "continuous or systematic contacts" between the defendant and the forum state. *United States v. Botefuhr*, 309 F. 3d 1263, 1271-72 (10th Cir. 2002) (internal citations omitted).  "Under either theory of jurisdiction, the defendant's contacts must be substantial enough so that exercising personal jurisdiction does not offend traditional notions of fair play and substantial justice."

---

[4] Resident Plaintiffs includes the original plaintiffs, as well as Plaintiff State of Oklahoma ex rel. Board of Regents of the State of Oklahoma acting on behalf of the University of Oklahoma Stephenson Cancer Center, which was added with the First Amended Complaint.

*Id.* (internal quotation marks omitted). Here, the parties concede that the Court does not have general jurisdiction over Defendant, leaving only a question as to the existence of specific jurisdiction.

Specific jurisdiction requires a non-resident defendant to have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. ---, 134 S. Ct. 1115 (2014) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) (internal quotation marks omitted). The relationship between the defendant and the forum state must arise out of contacts the defendant himself creates with the forum. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 275 (1985)).

To establish minimum contacts, Plaintiffs must make a prima facie showing that Defendant purposefully availed itself of the privilege of conducting activities within Oklahoma. *AST Sports Science, Inc. v. CLF Distrib., Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008). "Purposeful establishment of minimum contacts assures a reasonable expectation in the out-of-state defendant that he might be brought into court in the state where he sought to do business and invokes the benefits and protections of the forum state's laws." *Id.* at 1057–58 (internal citation omitted). "In turn, the purposeful availment requirement also ensures that a defendant will not be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 1058 (internal quotation marks omitted).

5

To establish minimum contacts, Plaintiffs must demonstrate that Defendant purposefully availed itself of the privilege of conducting activities within Oklahoma. *Id.* "Purposeful establishment of minimum contacts assures a reasonable expectation in the out-of-state defendant that he might be brought into court in the state where he sought to do business and invokes the benefits and protections of the forum state's laws." *Id.* at 1057–58 (internal citation omitted). "In turn, the purposeful availment requirement also ensures that a defendant will not be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 1058 (internal quotation marks omitted).

Specific jurisdiction "confers power upon the court to enter personal judgments against the defendant only upon claim(s) which arise out of the acts establishing the jurisdictional connection between the defendant and the forum." *Turi v. Main Street Adoption Servs.,LLP*, No. 08-14511, 2009 WL 2923248, at *13 (E.D. Mich. Sept. 9, 2009) (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1463 n.4 (6th Cir. 1991)). "The authority conferred by limited personal jurisdiction, therefore, is claim specific." *Id.* (citing *Remick v. Manfredy*, 238 F.3d 248, 256-59 (3d Cir. 2001)). Each plaintiff, therefore, must show that its claim arises out of or is related to the defendant's contacts with the forum. *See, e.g.*, *Arnold v. Goldstar Financial Systems, Inc.*, No. 01 C 7694, 2002 WL 1941546, at *2 (N.D. Ill. Aug. 22, 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)); *Turi*, 2009 WL 2923248, at *13 (refusing to find specific jurisdiction over non-resident plaintiffs where they had the same claims as resident plaintiffs but no ties to forum state); *Clarke v. Pfizer, Inc.*, No. 4:15-CV-01072, 2015 WL 5243876, at *2 (E.D. Mo. Sept. 8, 2015) (refusing to find specific jurisdiction where defendant marketed and sold a drug in the forum state but where plaintiffs had no ties to the forum); *Keeley v. Pfizer, Inc.*, 4:15-CV-00583-ERW, 2015 WL

3999488, at *3 (E.D. Mo. July 1, 2015) ("Plaintiff's injury must be connected to Defendant's contacts with the forum state.").

Plaintiffs have alleged no facts which support a finding of specific jurisdiction over Defendant with regard to the non-resident Plaintiffs' claims. Plaintiffs rely on a shared nucleus of facts between the claims of the resident Plaintiffs and non-resident Plaintiffs to support jurisdiction. However, as noted above, such commonality between claims is not sufficient to support the exercise of specific jurisdiction over Defendant. Under Plaintiffs' proposed theory of personal jurisdiction, Defendant could be subjected to suit by any Herceptin purchaser in Oklahoma; the law simply does not support such an extension of specific jurisdiction. *See Keeley*, 2015 WL 3999488, at *3 ("Under Plaintiffs' theory of jurisdiction, a national company could be sued by any resident of any state in any state. This does not comport with 'traditional notions of fair play and substantial justice' as required by the Constitution.") (quoting *Daimler AG v. Bauman*, 571 U.S. —, 134 S.Ct. 746, 754 (2014)).

The Court previously held that pendent personal jurisdiction permitted the Court to exercise jurisdiction over the non-resident Plaintiffs' claims. However, with the benefit of additional argument and authority, the Court believes its holding was in error. The doctrine of pendent personal jurisdiction does not negate Plaintiffs' obligation to establish jurisdiction based on the relationship between Defendant, the forum, and each Plaintiff's claims. Accordingly, Defendant's Motion for Reconsideration is granted, and the October 6, 2015 Order is withdrawn.

**III.     Other Pending Motions**

    **A.     Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 38)**

On October 9, 2015 – the same day Plaintiffs filed their First Amended Complaint – Plaintiffs filed their Motion for Leave to File Second Amended Complaint, seeking leave to file a Second Amended Complaint naming Texas Oncology as an additional plaintiff and leave from the Court to add additional parties as needed without seeking leave from the Court. Plaintiffs' proposed Second Amended Complaint alleges that Texas Oncology has "150 locations across Texas and southeastern Oklahoma." (Doc. 38-1 at 9.)

On December 15, 2015, Plaintiffs filed a Notice of Plaintiffs' Supplement to Motion for Leave to File Second Amended Complaint (Doc. 71), proposing a revised Second Amended Complaint which would add Virginia Oncology Associates, Compass Oncology, and Minnesota Oncology as Plaintiffs (in addition to Texas Oncology). Based on the allegations in the proposed Second Amended Complaint, none of these three proposed plaintiffs' claims arise from Defendant's contacts with Oklahoma.

On January 11, 2016, Plaintiffs filed a Notice of Plaintiffs' Second Supplement to Motion for Leave to File Second Amended Complaint (Doc. 81), proposing a different revised Second Amended Complaint which would add the above-listed Plaintiffs as well as Cancer Care Network of South Texas, P.A. Based on the allegations in the proposed Second Amended Complaint, none of the claims asserted by Cancer Care Network of South Texas, P.A. arise from Defendant's contacts with Oklahoma.

Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 38) is granted in part and denied in part. The Court finds Plaintiffs' allegations regarding Texas Oncology's Oklahoma

locations sufficient to warrant the exercise of jurisdiction at this time. Plaintiffs shall be permitted to name Texas Oncology as an additional plaintiff. Plaintiffs shall not be permitted to name Virginia Oncology Associates, Compass Oncology, Minnesota Oncology, or Cancer Care Network of South Texas, P.A. as plaintiffs and shall be required to seek leave from the Court before adding any additional parties in the future.

### B. Defendant's Motion to Strike Plaintiffs' Notice of Supplement (Doc. 74)

On December 23, 2015, Defendant filed a motion requesting the Court strike Plaintiffs' Notice of Supplement to Motion for Leave to File Second Amended Complaint for failure to seek leave to file a supplemental motion. In light of the Court's ruling above, Defendant's Motion to Strike (Doc. 74) is denied as moot.

## IV. Conclusion

Defendant's Motion for Reconsideration (Doc. 39) is GRANTED. The Court's Opinion and Order dated October 6, 2015 (Doc. 36) is WITHDRAWN and vacated by this Opinion and Order. Plaintiffs' Motion for Motion for Leave to File Second Amended Complaint (Doc. 38) is GRANTED in part and DENIED in part as specified above. Defendant's Motion to Strike Plaintiffs' Notice of Supplement (Doc. 74) is DENIED as moot.

In light of the Court's ruling on Defendant's Motion for Reconsideration, Plaintiffs' First Amended Complaint (Doc. 37) is STRICKEN. Plaintiffs shall be permitted to file a Second Amended Complaint within five days which names State of Oklahoma, ex rel., Board of Regents for the State of Oklahoma and Texas Oncology as Plaintiffs, in addition to the original Plaintiffs.

Genentech, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 43) is DENIED as moot, without prejudice to re-filing after Plaintiffs file their Second Amended Complaint.

**SO ORDERED** this 12th day of January, 2016.

_Terence C. Kern_
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE